UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

STEVEN SCHENO, ET AL.,           :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :   CASE NO. 3:05-CV-04(RNC)
                                 :
ANDREW KELLY, ET AL.,            :
                                 :
     Defendants.                 :


                         RULING AND ORDER

     Plaintiffs Steven Scheno and Gary Ryder bring this action against various members of the Greenwich Police Department, alleging constitutional violations stemming from an August 2004 investigation into the whereabouts of a minor.  This investigation also led to the filing of criminal charges against Mr. Ryder.  Defendants now move the court to stay this case until the criminal case is resolved and enter sanctions against plaintiffs for their conduct in discovery.  (Doc. # 58)  For the reasons that follow, defendants' motion to stay the action is granted and their motion for sanctions is denied.

     A civil case may be stayed pending the outcome of a related criminal proceeding when the interests of justice so require. Bridgeport Harbor Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); see also Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) ("a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court [in a related

criminal action]"). Defendants ask the court to stay this case until the completion of the related criminal proceeding against Mr. Ryder because his assertion of the Fifth Amendment privilege in response to discovery requests hampers their ability to fully and effectively defend this case.  Plaintiffs do not object to a stay but request that it be for a limited period of time.

Taking the parties' concerns into account, a stay of this case is warranted pending the outcome of the state court criminal proceeding against Mr. Ryder.  To ensure that the case is stayed no longer than necessary, the parties are ordered to provide a joint status report every ninety days.

Defendants also ask the court to sanction plaintiffs under Fed. R. Civ. P. 37 for failing to provide information they agreed to disclose and for giving evasive answers to interrogatories. This is more appropriately the subject of a motion to compel, which defendants did not file before seeking sanctions. See 7 James Wm. Moore et al., Moore's Federal Practice § 37.02[4] (3d ed. 2005)("[I]f the party on whom the interrogatories were served responds by serving objections to some or all of the interrogatories, or serves answers that the interrogating party considers evasive or incomplete, and if the propounding party has tried unsuccessfully to negotiate a resolution of the dispute, a motion for an order compelling answers, [rather than a motion for sanctions], may be appropriate"); see also United States v.

<u>Certain Real Property and Premises Known as 44 Autumn Avenue</u>, 156 F.R.D. 26, 34 (E.D.N.Y. 1994) ("[I]t is desirable that the procedural requirements of Rule 37 be adhered to before the Rule's powerful sanctions are invoked to provide redress"); <u>United States v. One 1987 BMW 325</u>, 985 F.2d 655, 660-61 (1st Cir. 1993) (same).  Furthermore, defendants offer no evidence that plaintiffs acted willfully or in bad faith, a showing they must make before the court can dismiss the case or strike the claims against two defendants as they request.  <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (2d Cir. 1986); <u>see also</u> <u>Messier v. Southbury Training School</u>, No. 3:94-CV-1706(EBB), 1998 WL 841641, at *4 (D. Conn. Dec. 2, 1998) ("Clearly, the imposition of the harshest sanctions under Rule 37(b)-(d), such as . . . the dismissal of an action, requires willful misconduct or bad faith").  If defendants still wish to seek relief for plaintiffs' alleged discovery abuses after the stay is lifted, they may file a motion to compel at that time.[1]

---

[1] Defendants list Ryder's assertion of his Fifth Amendment privilege in response to numerous interrogatories as one of plaintiffs' discovery abuses.  <u>See</u> <u>United States v. Certain Real Property & Premises Known As 4003-4005 5th Ave.</u>, 55 F.3d 78, 82, 84-85 (2d Cir. 1995) (holding that, although " a civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process," if it appears that the litigant "has sought to use the Fifth Amendment to abuse or obstruct the discovery process," the court may impose sanctions).  The court notes that, after the criminal case is resolved and the stay is lifted, the parties will be obliged to confer in an attempt to settle any remaining discovery disputes without the need for court intervention.

Conclusion

Accordingly, defendants' motion to stay the case (doc. # 58) is granted and their request for other relief is denied.

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2006.

                                               _____/s/_____
                                                    Robert N. Chatigny
                                         United States District Judge